IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00815-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

GARY ANTHONY COLE, SR.,

   Plaintiff,

v.

TACO BELL, CO.,
FRITO LAYS, CO., INC.,
YUM YUM BRANDS, ET. AL.,

   Defendants.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES**

---

Plaintiff Gary Anthony Cole, Sr. is in the custody of the Federal Bureau of Prisons, currently incarcerated at the U.S. Penitentiary in Florence, Colorado.  On April 8, 2016, he submitted *pro se* documents with a handwritten cover sheet titled "The Original Complaint."  The documents consist of letters, a UCC Financing Statement, and news articles, among others.  They appear to concern allegations that Plaintiff invented a type of taco shell sold by Taco Bell, and the above-named defendants allegedly stole his idea.  (ECF No. 1).  Although the documents are labeled with a cover sheet titled "The Original Complaint," Plaintiff did not submit allegations on the form Prisoner Complaint required in this court.  (*See id.*); D.C.COLO.LCivR 5.1(c).  Plaintiff also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  (ECF No. 3).

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the documents are deficient as described in this order. Plaintiff is directed to cure the following if he wishes to pursue any claims in this action. Any papers that Plaintiff files in response to this order must be labeled with the civil action number identified on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) __  is not submitted
(2) __  is missing affidavit
(3) __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) __  is missing certificate showing current balance in prison account
(5) __  is missing required financial information
(6) __  is missing authorization to calculate and disburse filing fee payments
(7) __  is missing an original signature by the prisoner
(8) __  is not on proper form
(9) __  names in caption do not match names in caption of complaint, petition or habeas application
(10) __  other: _____.

**Complaint, Petition, or Application**:
(11) __  is not submitted
(12) X   is not on proper form
(13) __  is missing an original signature by the prisoner
(14) __  is missing page nos.
(15) X   uses et al. instead of listing all parties in caption
(16) __  names in caption do not match names in text
(17) __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) __  other:

The court is aware that Plaintiff is subject to the filing restrictions set forth in 28 U.S.C. § 1915(g). Plaintiff has filed more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Cole v. Wiley*, No. 08-cv-00551-ZLW, Order, ECF No. 5 (D. Colo. April 17, 2008) (citing *Cole v. Stepp*, No. 03-1492 (7th Cir. July 3, 2003) (unpublished)); *In re Gary Anthony Cole*, No. 03-

10745 (5th Cir. Feb. 3, 2004) (unpublished) (collecting prior strikes and dismissals under Section 1915(g)).[1]  The court also notes that Plaintiff filed similar allegations concerning Defendants' alleged appropriation of the taco shell at issue in the United States District Court for the Northern District of Texas on at least two prior occasions.  *See Cole v. Frito Lays, et al.*, No. 3:15-cv-01875-M-BK (N.D. Tex. 2015); *Cole v. Frito Lays, et al.*, No. 3:13-cv-01819-M-BK (N.D. Tex. 2013) (including on the docket the order in No. 03-10745, at ECF No. 5).  Both matters were summarily dismissed as barred by the "three-strike" provision.  *Id.*  Finally, it appears Plaintiff may be attempting to submit pleadings "to the Probate Court." (ECF No. 1 at 2; *see also* ECF No. 3 (identifying the nature of the action as "Probate Court Pleading")).  As a general matter, "a federal court has no jurisdiction to probate a will or administer an estate."  *Markham v. Allen*, 326 U.S. 490, 494 (1946).

In light of the above-listed deficiencies, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must be labeled with the civil action number identified on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

---

[1] The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

DATED April 14, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge